STEPHEN HEATON v. DORA M. THAYER.

FILED OCTOBER 2, 1894.   No. 5747.

Summons: FINDING AS TO DEFENDANT'S RESIDENCE: REVIEW.
The finding of the district court, as to the actual place of residence of a defendant served with summons by leaving a copy thereof at his alleged usual place of residence, will not be disturbed when such finding has been made on consideration of conflicting evidence.

ERROR from the district court of Merrick county. Tried below before SULLIVAN, J.

*W. T. Thompson,* for plaintiff in error.

*John Patterson, contra.*

RYAN, C.

On the 16th of May, 1892, the defendant in error, as plaintiff, filed her petition in the district court of Merrick county, praying the foreclosure of a mortgage made by the plaintiff in error. Proper summons, duly issued, was afterwards filed in this cause, with the following indorsement:

"STATE OF NEBRASKA, ⎫ ss.
   MERRICK COUNTY. ⎬

" I hereby certify that on the 16th day of March, 1892, I served the within writ of summons on the within named Stephen Heaton, by leaving at his usual place of residence a certified copy of this summons and of the indorsement thereon; and Minnie Heaton, by delivering to her a certified copy of this summons and all the indorsements thereon.

"J. W. PORTER, *Sheriff.*"

By a motion filed for that purpose alone the district court's jurisdiction of the person of Stephen Heaton was challenged, because "at the time of the pretended service of summons upon him defendant had no residence in the state of Nebraska." In support of this motion, by the affidavit of Stephen Heaton therewith filed, it was stated that ever since the 16th day of March, 1892, and for some time prior to that date, affiant had been a resident of Lima, Peru, South America, having during that time no other place of residence, and that affiant had not resided in Nebraska since 1874, since which year he had been absent from Nebraska, excepting that he had occasionally made his parents visits in this state; and that from 1874 to 1881 he had been a resident of Lima aforesaid, and that from 1881 to 1891 he had been a resident of the City of Mexico. The above statements were corroborated as to the non-resi-

dence of Stephen Heaton by the affidavit of Henry Heaton. To sustain the sheriff's return there were introduced in evidence the affidavits of Minnie Heaton, wife of Stephen; also, the affidavit of Stephen Heaton's father, and a joint affidavit made by two of his brothers and two sisters, filed in an attachment proceeding to avoid a levy of the writ. Each of these affidavits was dated February 16, 1892. That of Minnie Heaton was that she lived with her children on a certain quarter section of land which she described; that on December 11, 1891, and for a long time prior to that date, and ever since, she and her husband and children had been *bona fide* residents of Merrick county, Nebraska. The affidavit of Henry Heaton was to the effect that Stephen Heaton was on February 16, 1892, a *bond fide* resident of Merrick county, Nebraska, and had been a resident of said Merrick county for a period of more than three years previous to the date of the affidavit. The joint affidavit of the brothers and sisters of Stephen Heaton was to the same facts as to the residence as that of the father. There was also submitted in resistance of this motion the affidavit of the sheriff of Merrick county, in which he said that at the time he served the summons Minnie Heaton and her children were living upon the same premises and at the same place as when she made the affidavit hereinbefore referred to. The affidavits of the members of the Heaton family were dated February 16, 1892, just one month previous to the date of the return of summons made in this case. At the date of these several affidavits it was made to appear quite conclusively that Stephen Heaton was, and for a number of years had been, a resident of the state of Nebraska. When the service of summons was made, his wife and children resided in the same place as when these affidavits were made. If in the meantime Stephen Heaton had changed his residence, it must have been by a mere mental act, for, so far as any evidence submitted discloses, there was no change in the status or place of resi-

dence of either himself, his wife, or his children.   The evi-
dence on which the question of the place of residence of
Stephen Heaton was submitted presents a question of fact
such that a finding of the court for either party would not
be disturbed as being without support of evidence.   The
finding of the court adversely to the contention of Stephen
Heaton as to his residence at the time of the service of the
summons, therefore, settles that question.   The judgment
of the district court is

AFFIRMED.